# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALGREEN CO., | ) |
| Plaintiff, | ) ) ) ) Civil Action No.: |
| v. | ) ) |
| SHOPKO STORES OPERATING CO., LLC and MSCRIPTS, LLC, | ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) ) ) ) |

### Complaint and Demand for Jury Trial and Injunctive Relief Sought

Plaintiff Walgreen Co. ("Walgreens" and "Plaintiff"), hereby files this Complaint against Defendants Shopko Stores Operating Co., LLC ("Shopko") and mscripts, LLC ("mscripts") (collectively, "Defendants"), and alleges as follows:

### THE PARTIES

1. Walgreens is an Illinois corporation with a principal place of business at 200 Wilmot Road, Deerfield, Illinois, 60015.

2. Upon information and belief, Shopko Stores Operating Co., LLC is a Delaware limited liability company with a principal place of business in Green Bay, Wisconsin.

3. Upon information and belief, mscripts, LLC is a Delaware limited liability company with a principal place of business in San Francisco, CA.

### NATURE OF ACTION AND JURISDICTION

4. This action arises under the Patent Laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. §§ 271 et seq. This Court has jurisdiction

01:14888169.1

over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 35 U.S.C. §§ 271 and 281-285.

5.  Shopko has purposefully availed itself of the rights and benefits of the laws of this State and this Judicial District.  Upon information and belief, Shopko is a Delaware limited liability company in the business of pharmaceutical and consumer retailing.  Upon information and belief, Shopko conducts business by marketing and selling pharmaceutical and consumer products throughout the United States and has retail stores with pharmacies throughout the United States.

6.  Upon information and belief, Shopko has maintained continuous and systematic contacts with the State of Delaware, and plans to continue to maintain its systematic and continuous contacts with the State of Delaware, including but not limited to, its continued status as a Delaware limited liability company.  Accordingly, this Court has personal jurisdiction over Shopko.

7.  Mscripts has purposefully availed itself of the rights and benefits of the laws of this State and this Judicial District.  Upon information and belief, mscripts is a Delaware limited liability company in the business of developing mobile pharmacy applications for customers throughout the United States, including Shopko, which implement, among other things, a refill by scan functionality for refilling a prescription.

8.  Upon information and belief, mscripts has maintained continuous and systematic contacts with the State of Delaware, and plans to continue to maintain its systematic and continuous contacts with the State of Delaware, including but not limited to, its continued status as a Delaware limited liability company.  Accordingly, this Court has personal jurisdiction over mscripts.

**JOINDER**

9. Upon information and belief, mscripts developed for Shopko the accused mobile pharmacy application, which implements, among other things, a refill by scan functionality for refilling a prescription. Upon information and belief, the right to relief asserted against mscripts and Shopko under Count I of this Complaint arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, offering, disseminating, operation, support, maintenance, and other use of at least the Shopko mobile application, and questions of fact common to all defendants will arise in this action. Joinder of Shopko and mscripts under 35 U.S.C. § 299 is proper.

**VENUE**

10. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(a), 1391(b), 1391(c), and 1400(b) at least in that Shopko and mscripts are Delaware limited liability companies residing in this Judicial District.

**FACTUAL BACKGROUND**

11. United States Patent No. 8,626,530 (the "530 Patent"), titled "System and Method for Express Refill," was duly and legally issued by the United States Patent and Trademark Office ("Patent Office") on January 7, 2014. A true and correct copy of the 530 Patent is attached hereto as Exhibit A.

12. Walgreens is the sole owner, by assignment, of the entire right, title, and interest in the 530 Patent, including the right to sue for infringement of the 530 Patent.

13. Walgreens owns, offers and operates the Walgreens mobile apps available for at least the iPad®, iPhone®, Windows Phone®, Android™ devices, and BlackBerry® devices

which implement, among other things, a Refill by Scan functionality for refilling a prescription, which is protected by the 530 patent.

14. Upon information and belief, Shopko owns, licenses, operates, offers, and disseminates or makes available for dissemination applications for mobile devices ("apps"), including the Shopko mobile apps available for at least the iPad®, iPhone®, Android™ devices, and BlackBerry® devices (the "Accused Apps"), which implement, among other things, a refill by scan functionality for refilling a prescription.

15. Upon information and belief, mscripts owns, licenses, operates, sells, offers for sale, and/or disseminates or makes available for dissemination applications for mobile devices ("apps"), including the Accused Apps and other apps, which implement, among other things, a refill by scan functionality for refilling a prescription.

16. Shopko and mscripts do not have a license to the 530 patent.

17. An actual controversy of such immediacy and reality as to warrant immediate injunctive relief exists between Plaintiff and Shopko and mscripts, as discussed in more detail below.

**COUNT I: Infringement of the 530 Patent Under 35 U.S.C. § 271**

18. The allegations of the preceding paragraphs 1-17 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

19. Under 35 U.S.C. § 271, Shopko's making, using, offering, licensing, disseminating, operation, support, maintenance, and other use of the Accused Apps, and/or importation of the Accused Apps, and mscripts' making, using, offering, licensing, disseminating, operation, maintenance, selling, offering for sale, and other use of the Accused Apps or other apps, and/or importation of the Accused Apps or other apps, before the expiration

of the 530 Patent, constitutes direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the 530 Patent.

20.     Upon information and belief, under 35 U.S.C. § 271, Shopko's making, using, offering, licensing, disseminating, operation, support, maintenance, and other use of the Accused Apps, and/or importation of the Accused Apps, and mscripts' making, using, offering, licensing, disseminating, operation, maintenance, selling, offering for sale, and other use of the Accused Apps or other apps, and/or importation of the Accused Apps or other apps, before the expiration of the 530 Patent, constitutes indirect infringement of one or more claims of the 530 Patent.

21.     On information and belief, Shopko and mscripts, with knowledge of the 530 Patent, and without authority, have actively induced, and continue to actively induce, infringement by Shopko's customers of at least one or more claims of the 530 Patent, in violation of 35 U.S.C. § 271(b), by intentionally inducing the use of the Accused Apps, intending to encourage, and in fact encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the 530 Patent.

22.     On information and belief, as a result of Shopko's and mscripts's inducement, Shopko's customers have used, and continue to use, the Accused Apps to refill their prescriptions, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the 530 Patent.

23.     On information and belief, Shopko and mscripts actively induce infringement by making, using, offering, and disseminating into the stream of commerce the Accused Apps, as well as by operating, supporting, maintaining, and otherwise encouraging the use of the Accused Apps, for example by publishing literature encouraging the use of the Accused Apps and by offering support and technical assistance to Shopko's customers to encourage use of the Accused

Apps in ways that infringe the claims of the 530 Patent. In addition, Shopko and mscripts have had actual knowledge of Shopko's customers' direct infringement, either literal or under the doctrine of equivalents, and that Shopko's and mscripts' actions induced infringement since at least as of the filing date of this Complaint.

24. On information and belief, Shopko and mscripts, with knowledge of the 530 Patent, and without authority, have also contributed to, and are contributing to, direct infringement, either literal or under the doctrine of equivalents, by Shopko's customers of at least one or more claims of the 530 Patent, in violation of 35 U.S.C. § 271(c). For example, on information and belief, Shopko and mscripts have contributed to, and are contributing to, infringement of the 530 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Accused Apps, and/or through the importation of the Accused Apps before the expiration of the 530 Patent. Given the unique methodology claimed in the 530 Patent, the Accused Apps have no substantial non-infringing use. In addition, on information and belief, Shopko and mscripts have had actual knowledge of customers' direct infringement, either literal or under the doctrine of equivalents, and that Shopko's and mscripts' actions contributed to infringement since at least as of the filing date of this Complaint.

25. The acts of infringement by Shopko and mscripts set forth above have caused Plaintiff monetary damage and irreparable harm for which it has no adequate remedy at law, and until Shopko's and mscripts' infringement is enjoined by this Court, it will continue to cause monetary and irreparable damage. Specifically, as a result of Shopko's and mscripts' ongoing infringement, Plaintiff has been, and will continue to be, irreparably harmed at least through the

loss of customers who are drawn to Shopko as a result of Shopko's and mscripts' advertisements which promote the use of the infringing Accused Apps.

26. Unless Plaintiff obtains an order enjoining further infringement by Shopko and mscripts, it faces significant harm as Shopko and mscripts will continue to make, use, offer, disseminate, operate, support, maintain, and otherwise provide access for its customers to the Accused Apps, thereby irreparably harming the protections accorded to Plaintiff under the Patent Laws of the United States. Accordingly, Shopko's and mscripts' infringement is of such immediacy and reality as to warrant immediate injunctive relief so as to protect Plaintiff's patent rights.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for the following relief:

A. An order adjudging that Defendant Shopko Stores Operating Co., LLC and mscripts, LLC have infringed, directly and indirectly by way of inducing the infringement of and/or contributing to the infringement of, the 530 Patent under 35 U.S.C. § 271;

B. An order preliminarily and permanently enjoining, pursuant to 35 U.S.C. § 283 and Rule 65 of the Federal Rules of Civil Procedure, Defendant Shopko Stores Operating Co., LLC and Defendant mscripts, LLC, their officers, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from further infringement of the 530 Patent, including, but not limited to, an order enjoining Shopko and mscripts from making, using, selling, offering for sale, licensing, disseminating, operation, support, maintenance, and any other use of any refill by scan functionality of a mobile app,

including without limitation the Shopko Mobile Apps, that is covered by one or more claims of the 530 Patent;

C. A judgment awarding Plaintiff damages, pursuant to 35 U.S.C. § 284, for Defendants Shopko Stores Operating Co., LLC's and mscripts, LLC's infringement of the 530 Patent;

D. An award of pre- and post-judgment interest, costs, and disbursements;

E. An award of Plaintiff costs and expenses; and

F. An award to Plaintiff of such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and District of Delaware Local Rule 38.1.

Dated: January 31, 2014

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Anne Shea Gaza*

Of Counsel:

Anne Shea Gaza (No. 4093)
James L. Higgins (No. 5021)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
jhiggins@ycst.com

Timothy J. Malloy
Scott P. McBride
Daniel S. Stringfield
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
tmalloy@mcandrews-ip.com
smcbride@mcandrews-ip.com
dstringfield@mcandrews-ip.com

Attorneys for Plaintiff
Walgreen Co.

01:14888169.1